IN THE SUPREME COURT OF TENNESSEE
AT  KNOXVILLE
September 9, 2015 Session

## CIRCLE C CONSTRUCTION, LLC v. D. SEAN NILSEN ET AL.

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for Davidson County**
**No. 13C1465      Hamilton V. Gayden, Jr., Judge**
_____

**No. M2013-02330-SC-R11-CV – Filed March 7, 2016**
_____

HOLLY KIRBY, J., concurring in part and dissenting in part.

I must respectfully dissent from the majority's conclusion in this case that the lawsuit refiled by Plaintiff Circle C Construction is timely under the savings statute, Tennessee Code Annotated § 28-1-105(a).

I disagree with the majority's assertion that the tolling agreement in this case "reflects the parties' intent that Circle C. . . retained the right to refile [the lawsuit] under the savings statute." After reviewing the recital provisions in the agreement, the majority finds an "absence of any evidence of contrary intention."  Surprisingly, the majority refers only in passing to binding language in the *operative* provisions of the tolling agreement ("If Plaintiff desires to assert claims for professional negligence, it must do so on or before the Termination Date.").  This language was emphasized by the Court of Appeals as demonstrating that the parties intended to preclude Circle C from re-filing its lawsuit after the contractual Termination Date.  Circle C Constr., LLC v. Nilsen, No. M2013-02330-COA-R3-CV, 2014 WL 3763937, at *3 (Tenn. Ct. App. July 29, 2014) ("The language of the last sentence of paragraph one is mandatory and does not contain any exceptions.").  I agree with the Court of Appeals that this language is important to any analysis of the parties' intent when they entered into the tolling agreement.

Looking at the tolling agreement overall, I would find that it is ambiguous, that the language does not demonstrate definitively that the parties even considered the savings statute at the time they entered into the agreement.  However, I agree with the majority that any such agreement should be construed in light of the remedial purpose of the savings statute and that parties who wish to preclude a plaintiff from re-filing its lawsuit under the savings statute must say so explicitly.  In light of this, even though I disagree with much of the majority's analysis on the interpretation of the tolling agreement, I

agree with its ultimate conclusion that the agreement should be interpreted as not preventing Circle C from re-filing under the savings statute.

The primary issue, however, is whether the savings statute even applies in this case. Section 28-1-105(a) states that a plaintiff may refile its lawsuit under the savings statute "[i]f the action is commenced within the time limited by a *rule* or *statute of limitation*." Tenn. Code Ann. § 28-1-105(a) (emphasis added). To avoid the effect of this language, the majority resorts to euphemizing, concluding that the savings statute applies to Circle C's refiled lawsuit because the subject tolling agreement merely "paused and extended the applicable statute of limitations."[1] The majority cites no authority for this reasoning.

The tolling agreement in this case sets a firm Filing Deadline of 120 days after the Sixth Circuit Court of Appeals files its opinion in the related lawsuit. Respectfully, the majority's use of euphemisms such as "pause" and "extend" does not change the fact that this is a contractual *substitute* for the statutory limitations period. The Court of Appeals held: "In this case, the applicable time limitation is established by contract, not by 'rule or statute of limitation.'" Circle C Constr., 2014 WL 3763937, at *5. I agree.

The majority gives no hint of how its construction of the savings statute might play out for other agreements that contractually alter the deadline by which the plaintiff must file its lawsuit. What about an agreement that simply sets a date by which the plaintiff must file its lawsuit? If the date falls after the statutory limitations period has expired, will we say that it also "pauses" or "extends" the limitations period so that the savings statute applies? If the date falls *before* the statutory limitations period has expired, will the Court employ another euphemism and hold that this merely "compresses" the limitations period? In other words, at what point is a contractual deadline to file suit no longer a "time limited by a rule or statute of limitation" within the meaning of the savings statute?

The majority opinion compounds the difficulty in understanding its reasoning by relying on Somerfield v. Hailey, Sykes & Sharp a 1994 Court of Appeals decision. See Somerfield v. Hailey, Sykes & Sharp, No. 03A01-9208-CV-00292, 1994 WL 17905, at *1 (Tenn. Ct. App. Jan. 25, 1994). Somerfield has similar facts and presents a similar issue as presented in the case at bar. In Somerfield, the Court of Appeals rejected the defendant's assertion that the plaintiff could not re-file his lawsuit under the savings statute, apparently on the basis that the plaintiff's claims arose in tort instead of in contract. Id. at *1 ("In the case at bar, however, the suit is not upon a contract, but in tort, and given the fact that the Saving Statute is remedial and should be liberally construed, we [a]re disinclined to further limit its salutary provisions." (internal citation omitted)).

---

[1] Similarly, to bolster its interpretation, the majority repeatedly refers to the contractual Filing Deadline as the "extended statute of limitations established by the tolling agreement."

It is unclear whether the majority seeks to rely on the reasoning in <u>Somerfield</u>. To the extent that it does, I must note that the language of Section 28-1-105(a) does not reference the nature of the underlying claim at all. It says that a plaintiff may benefit of the savings statute only "[i]f the action"—without specifying the type of action—"is commenced within the time *limited by a rule or statute of limitation*." Tenn. Code Ann. § 28-1-105(a) (emphasis added). Under the savings statute, then, what matters is the origin of the *limitation* on the time for commencing the lawsuit, not the nature of the underlying lawsuit. So, to the extent that the majority relies on <u>Somerfield</u>, its reasoning does not hold water.

I note that Tennessee's savings statute appears to be an anomaly; while many states have a savings statute, I have not found one that restricts its applicability to time deadlines affixed by a rule or statute of limitation. Our legislature may want to consider amending Tennessee's savings statute to more closely resemble savings statutes in our sister states. Until the legislature enacts such an amendment, however, I feel that the Court should apply the savings statute as it is written. The majority in this case does not.

For these reasons, I agree with the holding of the trial court and the Court of Appeals below, that the savings statute does not apply to save Circle C's refiled lawsuit and the lawsuit is barred by the time deadline in the parties' agreement. Therefore, I respectfully dissent from the majority opinion.

_____
HOLLY KIRBY, JUSTICE